# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    CV 19-7151 DSF (SS)                          Date: August 22, 2019
                                                          Page 1 of 6

Title:    Curtis Hernandez v. N. McDowell, Warden

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS SUCCESSIVE**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

        None Present                                   None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On August 9, 2019,[1] Curtis Hernandez, a California state prisoner proceeding pro se, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254 (the "Petition"). Petitioner is challenging his May 5, 2008 conviction and sentence, following a bench trial, on one count of robbery in violation of California Penal Code § 211, for which he is serving

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court.  See Houston v. Lack, 487 U.S. 266, 270 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000).  Petitioner appears to have signed the Petition on August 9, 2019.  (Petition at 6).  Therefore, the Court will deem the Petition filed on that date.  See Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) ("We assume that [petitioner] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 19-7151 DSF (SS)                    Date: August 22, 2019
                                                    Page 2 of 6

Title:      Curtis Hernandez v. N. McDowell, Warden
_____

a twenty-year term in state prison due to an enhancement for a prior conviction. (Id. at 2). The Petition appears to be successive.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). Under AEDPA, a petition is considered "successive" if it challenges "the same custody imposed by the same judgment of a state court" as a prior petition. Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam). AEDPA prohibits the filing of a second or successive petition in district courts unless the petitioner first obtains permission from the appropriate court of appeals. See 28 U.S.C. § 2244(a)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Burton, 549 U.S. at 152-53 (quoting 28 U.S.C. § 2244(b)(3)(A)).

"If [a] prisoner asserts a claim [in a successive petition] that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions."[2] Tyler v. Cain, 533 U.S. 656, 661 (2001). However, "[e]ven if a petitioner can demonstrate that he qualifies for one of these exceptions, he must [still] seek authorization from the court of appeals before filing his new petition with the district court." Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008).

The instant Petition appears to challenge the same 2008 conviction and sentence that Petitioner has previously challenged in this Court in at least three other habeas petitions.[3]

---

[2] "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law." Tyler, 533 U.S. at 661 (citations omitted). Neither of these exceptions appears to apply here.

[3] Petitioner has also filed a civil rights complaint under 42 U.S.C. § 1983 that, apart from its caption, appears nearly indistinguishable from his three habeas petitions, including the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 19-7151 DSF (SS)    Date: August 22, 2019
Page 3 of 6

Title:    Curtis Hernandez v. N. McDowell, Warden

Petitioner filed the first prior petition on January 4, 2010. (See Curtis James Hernandez v. Warden, C.D. Cal. Case No. CV 10-0031 JHN (SS)). The Court dismissed the 2010 petition with leave to amend on February 10, 2010 due to multiple pleading deficiencies, including Petitioner's failure to clearly articulate his claims and to name a respondent. (Id., Dkt. No. 3 at 2-4). Because Petitioner failed to file a first amended petition by the Court's deadline, the Magistrate Judge issued a Report and Recommendation recommending that the petition be denied with prejudice for failure to prosecute and obey court orders. (Id., Dkt. No. 5). The District Judge accepted the Report and Recommendation on July 29, 2010 and entered judgment dismissing the petition with prejudice that same day. (Dkt. Nos. 12-13).

Petitioner filed the second prior petition on February 14, 2017. (See Curtis Hernandez v. Paul Sudwal, C.D. Cal. Case No. CV 17-1172 DSJ (SS)). The Court dismissed it with leave to amend on February 23, 2017, again due to pleading deficiencies. (Dkt. No. 4). Because Petitioner failed to file a first amended petition by the Court's deadline, the Magistrate Judge issued a Report and Recommendation recommending that the petition be denied with prejudice for failure to prosecute and obey court orders. (Id., Dkt. No. 6). The District Judge accepted the Report and Recommendation on July 7, 2017 and entered judgment dismissing the petition with prejudice that same day. (Dkt. Nos. 7-8).

A third petition challenging the same 2008 conviction followed on December 6, 2018. (See Curtis Hernandez v. R. Madden, C.D. Cal. Case No. CV 18-10457 DSF (SS)). On January 10, 2019, the Court issued an Order to Show Cause as to why the Court should not recommend dismissal for successiveness. (Id., Dkt. No. 3). When Petitioner failed to

---

incomprehensibility of the claims and the attachment of approximately 140 pages of seemingly random exhibits. (See Hernandez v. Sudwal, C.D. Cal. Case No. CV 16-6351 DSJ (SS), Dkt. No. 1). The District Judge denied Petitioner's IFP application in that case on the grounds that the Court lacked jurisdiction and the complaint was "[f]rivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." (Id., Dkt. No. 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    CV 19-7151 DSF (SS)        Date: August 22, 2019
                                                                                                  Page 4 of 6

Title:       Curtis Hernandez v. N. McDowell, Warden

respond by demonstrating why dismissal was unwarranted, the Magistrate Judge issued a Report and Recommendation recommending that the petition be denied without prejudice as successive. (Id., Dkt. No. 6). The District Judge accepted the Report and Recommendation on February 28, 2019 and entered judgment dismissing the petition without prejudice that same day. (Dkt. Nos. 7-8). The Court additionally issued an Order declining to issue a certificate of appealability. (Dkt. No. 9).

Because this is at least the fourth habeas petition that Petitioner has filed in this Court challenging the same 2008 conviction and sentence, and at least two of the prior petitions were dismissed with prejudice, the instant Petition appears successive. Petitioner purports to address the successiveness issue in several handwritten pages attached to the Petition. (Petition at 9-18).[4] He asserts, for example, that he has "conducted extensive discovery into rights privilege to re-file writ of habeas [sic]." (Id. at 9). However, rather than demonstrate why his Petition is not barred as successive, he argues the substantive merits of his habeas claims, and disputes the Court's denial of a certificate of appealability in his previous habeas action on February 28, 2019. (Id. at 9-18; see C.D. Cal. Case No. CV 18-10457 DSF (SS), Dkt. No. 9).

These contentions are irrelevant, however. Unless Petitioner can establish that his Petition is not in fact successive, his only recourse for seeking federal habeas relief is to first request and obtain permission from the Ninth Circuit to file a successive habeas petition challenging his 2008 conviction and sentence. 28 U.S.C. § 2244(b)(3)(A). Based on the Court's review of the docket, Petitioner has neither requested nor received permission from the Ninth Circuit to file the Petition. Accordingly, the Court appears to lack jurisdiction to adjudicate the instant Petition.[5] See Burton, 549 U.S. at 157.

---

[4] Citations to the Petition refer to the page numbers assigned by Court's electronic case filing system.

[5] The Petition also appears likely to be untimely, as Petitioner was convicted over eleven years ago and filed his first federal habeas petition challenging that conviction nine years ago. However, because the bar on successive petitions is dispositive and would deprive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  CV 19-7151 DSF (SS) | Date: August 22, 2019 |
| | Page 5 of 6 |

Title:  Curtis Hernandez v. N. McDowell, Warden
_____

Petitioner therefore is **ORDERED TO SHOW CAUSE**, within **fourteen (14) days** of the date of this Order, why this Court should not recommend that the Petition be dismissed without prejudice as successive. Petitioner may satisfy this Order to Show Cause by filing a response and/or declaration setting forth any reason why the instant Petition is not barred as successive. After the Court receives a response to the Order to Show Cause, it may prepare a Report and Recommendation for submission to the District Judge. This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to this Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.** **Petitioner, however, is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

---

this Court of jurisdiction, the Court will not address the apparent untimeliness of Petitioner's current claims. See Cooper v. Calderon, 274 F.3d 1270, 1275 n.3 (9th Cir. 2001) (expressly declining to address the timeliness of a petition upon affirming that the petition was successive); see also Fisher v. Clark, 2014 WL 1457816, at *2 (C.D. Cal. Apr. 14, 2014) ("[T]he Court need not resolve the timeliness issue because the petition is subject to dismissal without prejudice for lack of subject-matter jurisdiction[.]"); Adams v. Fox, 2016 WL 7742175, at *2 (D. Mont. Nov. 21, 2016), report and recommendation adopted, 2017 WL 123732 (D. Mont. Jan. 12, 2017), certificate of appealability denied, 2017 WL 3202589 (9th Cir. May 4, 2017) ("If the 2013 petition was deemed to be untimely, certainly the claims he raises now are even more untimely. And while timeliness could serve as a potential bar to this Court hearing the merits of [petitioner's] present claims, it is the successive nature of the petition which deprives this Court of jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 19-7151 DSF (SS)                                Date: August 22, 2019
                                                              Page 6 of 6

Title:    Curtis Hernandez v. N. McDowell, Warden
_____

**Petitioner is expressly warned that failure to timely file a response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders.  See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order to Show Cause on Petitioner at his current address of record.

IT IS SO ORDERED.